UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:15-cr-0024-SEB-VTW |
| | ) | |
| WILLIAM H. ROSCOE, II, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on July 12, 2019 and the supplemental petition filed on July 22, 2019, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 31, 2019, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 31, 2019, defendant William H. Roscoe, II appeared in person with his appointed counsel, William Dazey. The government appeared by Steve DeBrota, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Jason Phillips, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Roscoe of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Roscoe questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Roscoe and his counsel, who informed the court they had reviewed the Petition and that Mr. Roscoe understood the violations alleged. Mr. Roscoe waived further reading of the Petition. The court summarized the alleged violations.

3. The court advised Mr. Roscoe of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Roscoe was advised of the rights he would have at a preliminary hearing. Mr. Roscoe stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Roscoe of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Roscoe, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, and 7 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type** |

**and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer."**

As previously reported to the Court, Mr. Roscoe was terminated from the psychosexual treatment program at the Indianapolis Counseling Center (ICC) due to violating the agency's attendance policy. He was initially terminated from the program on November 13, 2017, followed by a second unsuccessful discharge on November 25, 2018. Other treatment noncompliance addressed included him viewing pornography, using social media sites, and not disclosing various sexual relationships.

The offender has since been terminated from sex offender treatment at ICC for a third time. He was unsuccessfully discharged on May 7, 2019, as a result of missing several sessions. Other treatment noncompliance resulting in the discharge included him viewing pornography on an undisclosed/unauthorized cellular telephone. Despite several instructions from the probation officer to resume treatment, as well as being given ample opportunity to do so, Mr. Roscoe has not complied. The therapist has indicated the offender has made no progress since beginning the program in February 2017, and opined he "appears to be un-treatable at this time."

Mr. Roscoe failed to report for scheduled polygraph examinations on October 2, 2017, May 30, 2019, and June 19, 2019.

2   **"You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment."**

As previously reported to the Court, following a failed polygraph examination, Mr. Roscoe admitted accessing the Internet via an undisclosed/unmonitored cellular telephone. He used the phone to access social media sites to chat with adult women.

Most recently, after failed polygraph examinations on January 11, 2019, and March 27, 2019, Mr. Roscoe told the probation officer he used an undisclosed/unmonitored cellular telephone to view adult pornography. As

3

mentioned above, he was a no show for his subsequent polygraph tests. On May 14, 2019, during a search of his residence by officers from the probation office, a smartphone was located. He had not disclosed the phone to the probation officer in advance, and therefore, it was unmonitored. He told the probation officer he used the phone to access the Internet to communicate with several women on various social media sites, as well as to possess adult pornography. The phone is pending forensic examination.

3   **"You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact."**

Mr. Roscoe admitted to being in regular contact with another sex offender who is supervised by the probation office. He met this person at ICC, where they both reported for sex offender treatment. Despite the probation officer's disapproval of the friendship, including instructions to have no contact with one another, the offender maintained a relationship with this person.  Most concerning, the two went together to Oktoberfest in Sullivan, Indiana, in October 2018.  The offender admitted several children were at this event, but he denies making direct contact with any. As he did not disclose his attendance at this event, the probation officer was unable to address any potential third party risks. The probation officer learned of this information from a collateral source.

4   **"The defendant shall not commit another federal, state, or local crime."**

Since the commencement of his term of supervised release, the offender has not had a valid driver's license. However, he has consistently driven a vehicle, including being involved in an accident in approximately March 2019. Despite many directives from the probation officer not to operate a motor vehicle until he resolves his driver's status, he has continued to drive. This conduct constitutes a misdemeanor offense in the state of Indiana.

5   **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."**

Mr. Roscoe was last known to reside at 827 N. Gray Street, Indianapolis, Indiana, 46201.  The probation officer last made contact with him at the residence on June 6, 2019.  Subsequently, an attempt to locate him on July

>                    12, 2019, was unsuccessful. The probation officer later received
>                    information from the offender's two roommates indicating he had not been
>                    seen at the home since about "late June 2019." According to his landlord,
>                    she last had contact with him on July 6, 2019, when he paid his rent. He
>                    has not reported a new address to the probation officer and his
>                    whereabouts is unknown.
>
>    7     **"You shall report to the probation officer in a manner and frequency
>          directed by the court or probation officer."**
>
>                    Mr. Roscoe failed to report to the probation office on July 15, and 19,
>                    2019. He has made no attempts to contact the probation officer.

6. The court asked Mr. Roscoe questions to ensure that his decision to give up his right to hearing and admit certain violations was knowing and voluntary. The court then placed Mr. Roscoe under oath and directly inquired of Mr. Roscoe whether he admitted violations 1, 2, 3, 4, 5, and 7 of his supervised release set forth above. Mr. Roscoe admitted the violations as set forth above.

7. The Government orally moved to dismiss Violation Number 6 and the court granted the same.

8. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 1, 2, 3, 4, 5, and 7) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Roscoe's criminal history category is II.

    (c) The range of imprisonment applicable upon revocation of Mr. Alexander's supervised release, therefore, is 4 - 10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties recommended an upward departure of eighteen (18) months with no supervised release to follow. Defendant requested placement at a facility closest to Richmond, Indiana.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party, **NOW FINDS** that the defendant, WILLIAM H.

ROSCOE, II, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  This Magistrate Judge will recommend placement at a facility close to Richmond, Indiana.

Counsel for the parties and Mr. Roscoe stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Roscoe entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Roscoe's supervised release, imposing a sentence of imprisonment of eighteen (18) months with no supervised release to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and

Recommendation. This Magistrate Judge will recommend placement at a facility close to Richmond, Indiana.

    IT IS SO RECOMMENDED.

Date: 11/8/2019

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal